OPINION
Appellant, Michael L. Herman, M.D., appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of appellee, Ohio State Medical Board ("board") that permanently revoked appellant's license to practice medicine and surgery in the state of Ohio.
On May 13, 1998, the board issued a letter to appellant (1) informing him that the board proposed to take disciplinary action against him based on his pleading guilty to two misdemeanor charges in federal court, and (2) advising him of his right to request a hearing. Appellant responded with a letter dated May 29, 1998, requesting a hearing, identifying his attorney, and explaining his travel limitations due to recent back surgery and home confinement. The board originally scheduled a hearing for June 16, 1998, but sua sponte rescheduled the hearing for July 14, 1998.
On July 7, 1998, appellant's counsel requested a continuance, indicating he would be unavailable on the hearing date due to a death in the family. The hearing examiner issued an entry on July 9, 1998, finding reasonable cause for a continuance and rescheduling the hearing for July 31, 1998. On July 24, 1998, appellant requested a second continuance until November 6, 1998, contending he did not have sufficient time to prepare a "defense and mitigation." The hearing examiner denied appellant's request in an entry dated July 29, 1998, noting that appellant had requested a previous continuance, but did not raise at that time the issue of witness unavailability and insufficient time to prepare.
The hearing was held as scheduled on July 31, 1998. At the hearing, appellant, through counsel, again requested a continuance because he needed time to adequately prepare a defense and because appellant was unable to attend due to continuing back problems requiring appellant to remain at home. In further support, appellant's counsel noted appellant posed no threat to the public because appellant already had voluntarily surrendered his license. The hearing examiner again denied the request.
Appellant's counsel did not make an opening statement or cross-examine the state's witnesses, but at the end of each witness' testimony, he requested that the hearing examiner keep the witness under a continuing subpoena so he could cross-examine the witness at a later date after an adequate time to prepare. The hearing examiner denied appellant's requests.
At the end of the hearing, appellant's counsel asked the hearing examiner to reconvene the hearing at a future date to permit appellant to present evidence in defense or mitigation, but the hearing examiner denied the request. Instead, the hearing examiner advised that he would keep the record open for two weeks for a written proffer of appellant's witnesses and their testimony, but the proffer would not be considered by the hearing examiner or the board in making its decision. Appellant's counsel responded that two weeks would not be sufficient time.
On August 28, 1998, the hearing examiner issued a Report and Recommendation proposing that appellant's license be permanently revoked. A letter attached to the report informed appellant he had the option of filing written objections within ten days, and the board would consider any objections at its October 14, 1998 meeting before it ruled on the hearing examiner's recommendation. On September 15, 1998, appellant faxed a motion to the board requesting an extension of time to file objections and, on September 16, 1998, appellant faxed his objections, as well as a motion to reconvene the hearing. The board sent a letter to appellant on September 24, 1998, informing him his objections had been due on September 10, 1998, and his motion and objections filed after that date were untimely. The letter nonetheless indicated appellant's motion and objections would be presented to the board for their consideration prior to the discussion of appellant's case.
At the board meeting on October 14, 1998, the board voted not to accept appellant's untimely objections and, despite appellant's personal request that the hearing be reconvened, the board did not move to do so. Several board members expressed concern that appellant previously had been before the board with substance abuse problems and, in this instance, he had taken medication from a patient under his care and used it for himself. The board then approved the hearing examiner's report and recommendation and entered an order permanently revoking appellant's license.
Appellant filed an appeal in the Franklin County Court of Common Pleas pursuant to R.C. 119.12 on October 28, 1998. After both parties filed briefs, the trial court affirmed the board's order. Appellant timely appealed, assigning two errors:
 I. THE COURT ERRED IN FINDING THAT THE REFUSAL OF THE ADMINISTRATIVE HEARING OFFICER TO GRANT A REASONABLE CONTINUANCE OR APPROVE OTHER PROCEDURES ALLOWING APPELLANT TO PRESENT HIS MITIGATION EVIDENCE WAS REASONABLE AND DID NOT DEPRIVE THE APPELLANT OF DUE PROCESS OF LAW.
 II. THE COURT ERRED IN SUSTAINING THE SANCTION IMPOSED BY THE MEDICAL BOARD OF PERMANENT REVOCATION WHERE THE EVIDENCE IS UNDISPUTED THAT THE CONDUCT WHICH WAS RELIED UPON BY THE BOARD IS THE SAME CONDUCT THAT WAS THE BASIS FOR A CONSENT AGREEMENT BETWEEN APPELLANT AND THE BOARD THAT RESULTED IN AN INDEFINITE SUSPENSION OF HIS MEDICAL LICENSE.
Appellant's first assignment of error contends the common pleas court erred in affirming the board's decision to deny appellant's motion for a continuance. The common pleas court generally reviews an appeal from an administrative order to determine whether the "order is supported by reliable, probative, and substantial evidence and is in accordance with the law." R.C. 119.12. If the court finds the order is so supported, then the court must affirm the order. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. By contrast, an appellate court reviews a common pleas court's decision on an appeal from an administrative agency for abuse of discretion for compliance with the evidentiary standard in R.C.119.12. An abuse of discretion is not simply an error of law or judgment. The term abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157. Issues of law, however, are subject to plenary review on appeal. Ohio Historical Soc. v. State Emp. Relations Bd.
(1993), 66 Ohio St.3d 466, 471.
Here, in reviewing the board's refusal to continue the hearing, the common pleas court properly applied the test announced in State v. Unger
(1981), 67 Ohio St.2d 65, 67-68:
 In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.
Moreover, in determining whether to grant or deny a continuance, the board had a wide degree of discretion.
Under the first Unger factor, appellant's motion for a continuance requested over a ninety-day delay. Generally, administrative hearings before the board are required by statute to occur within fifteen days from the request for a hearing, unless otherwise agreed by the parties. R.C. 119.07. Here, the hearing had been continued on two previous occasions. We recognize that the statutory time constraints may be prompted by a legislative intent to protect the public from potentially harmful practitioners, and because appellant had consented to desist from practicing medicine, the statutory time limits may be less compelling here. Nonetheless, the prompt disposition of administrative hearings is beneficial to all and may not be ignored entirely. Given those considerations, the lengthy delay appellant requested favors denying the motion.
The second Unger factor considers whether other continuances have been requested and received. Here, two previous continuances had been granted. Then, on July 24, 1998, appellant requested a continuance until November 6, 1998. Because the hearing had already been delayed twice, once at appellant's request, and the total length of the delay already had eclipsed forty-five days, the second Unger factor favors denying appellant's motion for a continuance.
The third factor under Unger assesses the inconvenience a continuance would pose for litigants, witnesses, opposing counsel, and the court. Rescheduling appellant's hearing one week before trial would inconvenience all of those, as they all were scheduled into the hearing. Thus, the third factor favors denying appellant's request for a continuance.
The fourth factor examines whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful or contrived. Here, appellant's counsel had been representing appellant in this matter since late May 1998. While appellant maintains his medical condition rendered him unable to assist in his defense, that inability was not brought to the attention of the hearing officer until one week before the hearing was scheduled, two weeks after the hearing officer had granted a prior continuance for unrelated reasons, and after counsel had been on the case for two months. Moreover, given the significant delay requested, and for a factor which appellant contends existed from the onset of the first scheduled hearing, some medical affidavit supporting appellant's inability to assist would have been helpful in ascertaining the need for such a lengthy continuance. In the absence of such supporting information, the fourth Unger factor favors denying the motion in the circumstances.
The fifth Unger factor considers whether appellant contributed to the circumstances that gave rise to the request for a continuance. The motion for continuance asserted that appellant's medical condition prevented him from assisting in his defense. Appellant's medical condition should not be held against him, and thus the condition appellant sets forth renders the fifth Unger factor favorable to appellant.
Nonetheless, four of the five factors announced in Unger support denying the motion for a continuance. While appellant contends he had a medical condition that existed before his case was originally scheduled for hearing, which did not improve and rendered him incapable of assisting his attorney, appellant failed to mention the inability to assist his counsel until one week before the twice rescheduled hearing, and even then failed to medically document his medical disability. Under those circumstances, even if a continuance may properly have been granted under the board's discretion, we cannot say the board abused its discretion in denying the continuance per Unger.
Appellant apparently also contends he was denied due process because he was not given a reasonable opportunity to prepare his defense. To the extent his argument is separate and distinct from the denial of the motion for a continuance, we simply note that appellant was afforded over a two-month period to prepare for an administrative hearing. Simply because appellant was unable to prepare in time does not mean that the time allotted was unreasonably short. When a party requests a hearing from an administrative agency, "[t]he date set for the hearing shall be within fifteen days, but not earlier than seven days after the party has requested a hearing" unless the parties agree to an extension. R.C. 119.07. Absent some support for a lengthier continuance, appellant was provided an ample amount of time to prepare a defense. Appellant's first assignment of error is overruled.
Appellant's second assignment of error contends the common pleas court erred in sustaining the sanction imposed by the board because the conduct underlying the board's order to permanently revoke appellant's license was the same conduct the board addressed in an earlier consent agreement entered into between the board and appellant. Appellant contends the additional permanent revocation violated his due process rights.
Premised on a violation of R.C. 4731.22(B)(26), the consent agreement between appellant and the board was entered into on July 14, 1997, and imposed an indefinite suspension of appellant's license. Pursuant to R.C. 4731.22(B)(26), the board can revoke or suspend a license to practice medicine for habitual or excessive use of "drugs, alcohol, or other substances that impair ability to practice." The consent agreement arose when appellant informed the board he had a relapse of his chemical dependency. Appellant did not admit to or inform the board of any other facts connected to his relapse.
The board's order to permanently revoke appellant's license was entered on October 1, 1998 for appellant's violation of R.C. 4731.22(B)(11). Pursuant to R.C. 4731.22(B)(11), the board can revoke or suspend a license to practice medicine due to a "judicial finding of guilt of a misdemeanor committed in the course of practice." On April 1, 1998, appellant entered a guilty plea to two misdemeanor counts of refusing to make, keep, or furnish records in connection with the dispensation of a Schedule II controlled substance in violation of Section 842(a)(5), Title 21, U.S.Code. Underlying the conviction was appellant's diverting medication from a patient for personal use while appellant was caring for patients in a critical care area of a hospital, thus placing the patient at grave risk.
The facts underlying the board's two actions against appellant were not the same. Appellant's informing the board of his chemical dependency relapse is different than informing the board that while he was on duty in a critical care area of the hospital, appellant was under the influence of a controlled substance he diverted from a patient that needed the medication.
Consent agreements serve the interests of the public because they allow the board to act swiftly to remove potentially dangerous physicians from the practice of medicine. To do so, such agreements are often entered into before the board knows all the relevant facts. Ultimately, the facts turned out to be far more egregious than the board was initially led to believe. In such circumstances, where the underlying conduct was not the same, the consent agreement cannot be deemed to preclude the latter board action. Appellant's second assignment of error is overruled.
Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
 ______________________ PER CURIAM.
BRYANT and LAZARUS, JJ., concur.
KENNEDY, J., dissents.